**BUTCHER, a Minor v JOHNSON et**

**BUTCHER v JOHNSON et**

Ohio Appeals, 1st Dist, Hamilton Co.

Nos 5741 & 5742. Decided Feb. 19, 1940

Bert H. Long, Cincinnati, and Milton M. Bloom, Cincinnati, for appellees.

Walter K. Sibbald, Cincinnati, for appellants.

## OPINION

By MATTHEWS, J.

The plaintiffs in these action are father and son, a minor. The son's action was to recover damages on account of personal injuries, which he alleged were caused through the negligence of the three defendants. The father's action was against the same defendants to recover for expenses incurred and loss of services of the son caused by the injuries to the son.

While the case was pending and before any answers had been filed, two of the defendants—Bentel and Hill Top Builders' Supply Company, made a settlement, paid the plaintiff jointly $400, and obtained a full release with a reservation to the plaintiffs of the right to pursue their remedy against Johnson, the remaining defendant.

After this settlement by these **two** defendants, entries were made in these cases dismissing them from the action "with prejudice". No disclosure was made on the record of the reason for the dismissals.

Thereafter, Johnson filed an answer containing a general denial, but without any mention of the payment of the $400.00 by the other two defendants.

The cases were consolidated by consent, for the purpose of trial, which re-resulted in a verdict for $283.75 for the father and a verdict for $100 for the son.

382

The proceedings at the trial were not brought upon the record by a bill of exceptions, but it was admitted by counsel for the appellant that he knew of these payments at the time of the trial and purposely refrained from pleading them in diminution of damages, or offering evidence on the subject. Certainly, the record here contains no evidence that the transactions were unknown at the time of trial.

It was only after the verdict that the appellant sought to take advantage of these payments. He did this by motion in which he alleged that the plaintiffs had already been paid an amount in excess of the verdicts, and asked the court to find that the plaintiffs had been fully compensated, and to render judgment in his favor.

The court overruled these motions, which were filed in each case, and rendered judgments on the verdicts.

These appeals raise the single question as to the soundness of the rulings on these motions.

There can be no question that had separate settlements been made by the plaintiffs, and had the appellant by supplemental answers alleged such settlements, as was done in the case of **The Cleveland Ry. Co. v Nickel, 120 Oh St 133**, he would have been entitled to have the court charge the jury that it should deduct the amount paid each plaintiff from any amount otherwise found due that plaintiff, and return a verdict for the balance, and, if it was found that the payment fully compensated that plaintiff, to return verdicts for the defendant, as to such plaintiff. A difficulty would arise in this case from the fact that the settlement was joint without any allocation of the amount between the plaintiffs, and while it appears that the amount paid exceeds the sum of the two verdicts, it does not appear that the amount of the settlement was so divided between them as to pay both in full. This, it seems to us, is sufficient justification for the court's action in overruling these motions.

By §11368, GC, it is provided that either party may file a supplemental pleading setting forth facts material to the cause, that have occurred since the commencement of the action. The defendant did not avail himself of this right, in order to present this defense.

The effect of a failure to take advantage of an objection by demurrer or answer is determined by §11311, GC, by which the legislature enacted that: "When on the face of a petition, no ground of demurrer appears, the objection may be taken by answer. If the objection is not made in either way, the defendant shall be deemed to have waived it." We take it that this is broad enough to include every affirmative defense that would defeat the plaintiffs' action, either wholly or partially. If it is not, the waiver would result under the general rule that a failure to answer is a waiver of all defenses. **31 O. Jur. 711.** In 21 R. C. L. 534, it is said: "If a party can plead a fact material to his defense. and omits to do it at a proper time, he can never avail himself of it afterwards, unless he can make a satisfactory showing as to why he did not interpose his defense."

In this case, there has been no attempt to make a satisfactory showing for failure to make the defense. Knowing all the facts, the defendant elected not to assert the defense. Thereby he waived it irrevocably.

For these reasons, the judgments are affirmed.

HAMILTON, PJ. & ROSS, J., concur.